# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-34V
Filed: September 24, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| RACHEL FAUCHER, | |
| Petitioner, | Damages Decision Based on Proffer; |
| v. | Influenza or Flu Vaccine; Shoulder Injury Related to Vaccine Administration |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ("SIRVA"); Special Processing Unit ("SPU") |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Ronald Homer, Esq.*, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
*Claudia Gangi, Esq.*, U.S. Department of Justice, Washington, DC for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On January 12, 2015, Rachel Faucher filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered a shoulder injury related to vaccine administration (SIRVA) which was caused by the influenza vaccine she received on September 11, 2013. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 12, 2015, a ruling on entitlement finding petitioner entitled to compensation for her shoulder injury related to vaccine administration ["SIRVA"] was issued. On September 24, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded a lump sum payment of $394,670.96 and payment to purchase an annuity contract (or contracts) to provide yearly amounts

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

for items of care as illustrated in Tab A (filed as an attachment to the Proffer) directly to petitioner as long as she lives.  Proffer at 3-4.

Pursuant to the terms stated in the attached Proffer, **I award petitioner payment as follows:**

1. A lump sum payment of **$394,670.96** in the form of a check payable solely to petitioner, Rachel Faucher;

2. A **payment sufficient to purchase the annuity contract described in section II.B. of the Proffer.**

These amounts represent compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF THE SPECIAL MASTERS

| | | |
|---|---|---|
| _____ ) | | |
| RACHEL FAUCHER, ) | | |
|  ) | | |
| Petitioner, ) | | |
|  ) | No. 15-34V | |
| v. ) | Chief Special Master Dorsey | |
|  ) | ECF | |
| SECRETARY OF HEALTH AND ) | | |
| HUMAN SERVICES ) | | |
|  ) | | |
| Respondent, ) | | |
| _____ ) | | |

## **RESPONDENT'S PROFFER ON DAMAGES**

Respondent submits the following recommendations regarding items of compensation to be awarded to petitioner under the Vaccine Act.

**I.      Items of Compensation**

A.      Respondent proffers Rachel Faucher ("petitioner") should be awarded all items of compensation included in this Proffer and those illustrated by the chart attached as Tab A. Specifically, respondent proffers:

1. <u>Health Insurance, Medicare, and Medigap</u>

For future unreimbursable health insurance, Medicare Part B, and Medigap Plan C, beginning on the first anniversary of the date of judgment, an annual amount of $4,315.08 to be paid up to the anniversary of the date of judgment in year 2024, then beginning on the anniversary of the date of judgment in year 2024, an annual amount of $2,293.20 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of five percent (5.0%), compounded annually from the date of judgment.  Petitioner agrees.

    2.   <u>Home Services</u>

For future unreimbursable home services, beginning on the first anniversary of the date of judgment, an annual amount of $979.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4.0%), compounded annually from the date of judgment.  Petitioner agrees.

    B.   <u>Home Modifications</u>

Respondent proffers that petitioner should be awarded a one-time lump sum payment of $1,995.00 for future home modifications.  Petitioner agrees.

    C.   <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, Rachel Faucher has suffered a past loss of earnings and will suffer future lost earnings as a result of her vaccine-related injury.  Therefore, respondent proffers that petitioner should be awarded a lump sum of $235,419.29 for all lost earnings, past and future, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

    D.   <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $145,000.00 in actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  <u>See</u> 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

    E.   <u>Past Unreimbursed Expenses</u>

Evidence supplied by petitioner documents her expenditure of past un-reimbursable expenses related to her vaccine-related injury.  Respondent proffers that the petitioner is entitled to past un-reimbursed expenses in the amount of $2,771.67.  Petitioner agrees.

F.  Medicaid Lien

Petitioner represents that there are no outstanding Medicaid liens related to her vaccine-related injury.

**II.    Form of the Award**

The parties recommend that the compensation provided to petitioner for her future medical care needs should be made through a combination of a one-time lump sum payment and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment reflect the following items of compensation.[1]

Respondent proffers and petitioner agrees that an award of compensation include the following elements:

A.  A lump sum payment of $394,670.96, representing health insurance, home services, and home modification expenses for Year One ($11,480.00), compensation for lost earnings ($235,419.29), past un-reimbursed expenses ($2,771.67), and pain and suffering ($145,000.00), in the form of a check payable to petitioner.

B.  An amount sufficient to purchase an annuity contract,[2] subject to the conditions described below, that will provide payments for the items of care illustrated by the chart at Tab A, attached hereto, and paid to the life insurance company[3] from which the annuity will be

---

[1] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

3

purchased.[4]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent payments shall be provided through respondent's purchase of an annuity, which annuity will make payments directly to the petitioner only so long as she is alive at the time a particular payment is due.  The "annual amounts" set forth in Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. Growth Rates

Respondent proffers that a four percent (4.0%) growth rate should be applied to all non-medical items, and a five percent (5.0%) growth rate should be applied to all medical items.  The benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4.0%) for all non-medical items, and five percent (5.0%) for all medical items, compounded annually from the date of judgment.  Petitioner agrees.

2. Life-contingent Annuity

Petitioner will continue to receive the annuity payments for future medical care from the Life Insurance Company only so long as she is alive at the time that a particular payment is due.  Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be made within twenty (20) days of petitioner's death.

---

       b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

       c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

       d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4]  Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No.09-15-0056.

III.     **Summary of Recommended Payments Following Judgment**

    A.     Lump Sum paid to Petitioner:     **$394,670.96**

    B.     An amount sufficient to purchase the annuity contract described above in section II. B.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

ALTHEA W. DAVIS
Senior Trial Counsel
Torts Branch, Civil Division

/s/ Claudia B. Gangi
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-4138

Dated:   September 23, 2015

5

**Pet. Rachel Faucher**
**D.O.B. 09/16/1959**

DATE: 08/21/15
TIME: 11:52 AM

SUMMARY OF LIFE CARE ITEMS - Per PETITIONER'S DEMAND dated May 18, 2015 and July 2, 2015 as modified August 21, 2015

| ITEM OF CARE | | Insurance | Home Services | Home Modifications | TOTALS of Items with a 5.0% Growth Rate | TOTALS of Items with a 4.0% Growth Rate | TOTALS OF 5.0% & 4.0% ITEMS & APPLYING THE GROWTH RATE |
|---|---|---|---|---|---|---|---|
| GROWTH RATE | | 5.0% | 4.0% | 4.0% | | | |
| AGE | YEAR | | | | | | |
| 56 | 2015 | 8,505.60 | 979.00 | 1,995.00 | 8,506 | 2,974 | 11,480 |
| 57 | 2016 | 4,315.08 | 979.00 | 0.00 | 4,315 | 979 | 5,549 |
| 58 | 2017 | 4,315.08 | 979.00 | 0.00 | 4,315 | 979 | 5,816 |
| 59 | 2018 | 4,315.08 | 979.00 | 0.00 | 4,315 | 979 | 6,096 |
| 60 | 2019 | 4,315.08 | 979.00 | 0.00 | 4,315 | 979 | 6,390 |
| 61 | 2020 | 4,315.08 | 979.00 | 0.00 | 4,315 | 979 | 6,698 |
| 62 | 2021 | 4,315.08 | 979.00 | 0.00 | 4,315 | 979 | 7,021 |
| 63 | 2022 | 4,315.08 | 979.00 | 0.00 | 4,315 | 979 | 7,360 |
| 64 | 2023 | 4,315.08 | 979.00 | 0.00 | 4,315 | 979 | 7,715 |
| 65 | 2024 | 2,293.20 | 979.00 | 0.00 | 2,293 | 979 | 4,951 |
| 66 | 2025 | 2,293.20 | 979.00 | 0.00 | 2,293 | 979 | 5,185 |
| 67 | 2026 | 2,293.20 | 979.00 | 0.00 | 2,293 | 979 | 5,429 |
| 68 | 2027 | 2,293.20 | 979.00 | 0.00 | 2,293 | 979 | 5,686 |
| 69 | 2028 | 2,293.20 | 979.00 | 0.00 | 2,293 | 979 | 5,954 |
| 70 | 2029 | 2,293.20 | 979.00 | 0.00 | 2,293 | 979 | 6,236 |
| 71 | 2030 | 2,293.20 | 979.00 | 0.00 | 2,293 | 979 | 6,531 |
| 72 | 2031 | 2,293.20 | 979.00 | 0.00 | 2,293 | 979 | 6,839 |
| 73 | 2032 | 2,293.20 | 979.00 | 0.00 | 2,293 | 979 | 7,163 |
| 74 | 2033 | 2,293.20 | 979.00 | 0.00 | 2,293 | 979 | 7,502 |
| 75 | 2034 | 2,293.20 | 979.00 | 0.00 | 2,293 | 979 | 7,857 |
| 76 | 2035 | 2,293.20 | 979.00 | 0.00 | 2,293 | 979 | 8,230 |
| 77 | 2036 | 2,293.20 | 979.00 | 0.00 | 2,293 | 979 | 8,620 |
| 78 | 2037 | 2,293.20 | 979.00 | 0.00 | 2,293 | 979 | 9,028 |
| 79 | 2038 | 2,293.20 | 979.00 | 0.00 | 2,293 | 979 | 9,457 |
| 80 | 2039 | 2,293.20 | 979.00 | 0.00 | 2,293 | 979 | 9,905 |
| 81 | 2040 | 2,293.20 | 979.00 | 0.00 | 2,293 | 979 | 10,375 |
| 82 | 2041 | 2,293.20 | 979.00 | 0.00 | 2,293 | 979 | 10,868 |
| 83 | 2042 | 2,293.20 | 979.00 | 0.00 | 2,293 | 979 | 11,384 |
| | | 86,597 | 27,412 | 1,995 | 86,597 | 29,407 | 211,327 |
| | | 74.65% | 23.63% | 1.72% | | | 100.00% |

*This Report was generated using Sequoia Settlement Services, LLC Software (c) 1990*